IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWIN PATILLO,                          :
                                        :
        Petitioner,                     :
                                        :
    v.                                  :   No. 4:18-CV-1388
                                        :
WARDEN FCI-ALLENWOOD,                   :   (Judge Brann)
                                        :
        Respondent.                     :

**MEMORANDUM OPINION**

**NOVEMBER 30, 2018**

**I.      BACKGROUND**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Edwin Patillo, an inmate presently confined at the Allenwood Medium Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood). Service of the petition was previously ordered.

Patillo argues that his rights under the Fifth and Fourteenth Amendments were violated because his federal sentence was imposed to run consecutively to a sentence which was previously imposed by his primary custodian, the State of New Jersey. *See* Doc. 1, p. 1. As relief, Petitioner asserts that he should be transferred back into state custody and that his state sentence should be served concurrently with his federal sentence.

On September 11, 2005, Petitioner was arrested by New Jersey state law enforcement officials on a variety of charges including theft by deception, forgery, and receiving stolen property. Patillo was released on bond from state custody on September 21, 2005.

On May 17, 2006, Petitioner was arrested at his residence by the United States Drug Enforcement Administration (DEA) pursuant to an arrest warrant issued by the United States District Court for the District of New Jersey. *See* Doc. 10-1, p. 16. Following his arrest, Patillo was placed into custody of the United States Marshals Service. *See id.*, p. 13.

While in federal custody on November 15, 2006, December 15, 2006, October 15, 2007, and April 14, 2008 the Atlantic County, New Jersey Sheriff's Department removed Patillo into its custody pursuant to state writs of habeas corpus *ad prosequendum*. Those removals were for short periods of time, specifically November 15-16, 2006; December 15-21, 2006; October 15-16, 2007; and April 14 to July 17, 2008. During the last period, Petitioner was tried on his state charges and on July 14, 2008 was sentenced by the New Jersey Superior Court to a seven and one-half (7 ½) to fifteen (15) year term of imprisonment. *See id.,* p. 19. Following this state sentencing, Petitioner was returned to federal custody.

Shortly thereafter on August 14, 2008, Petitioner was sentenced by the District of New Jersey to serve a three hundred and sixty (360) month term of imprisonment . *See id.* at p. 27. This sentence was later reduced to a term of two hundred and ninety-two (292) months. Patillo's federal sentence was ordered to be served "consecutive to any other sentence presently serving or that was previously imposed in any court." *Id*. On April 10, 2015, the Federal Bureau of Prisons (BOP) and Patillo were notified by the New Jersey State Parole Board that Petitioner's state sentence was ordered to run consecutively to his federal sentence. *See id.* at p. 48.

## II. DISCUSSION

Petitioner contends that his federal sentence should be ordered to be served concurrently with his New Jersey state sentence because the state retained primary jurisdiction over him at the time of his federal sentencing. It appears that Patillo is alleging that New Jersey was his primary custodian because that is where he was first arrested, charged, and sentenced.

Title 28 United States Code § 2241 vests federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235,

241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

Since Petitioner is alleging that the BOP failed to properly calculate his federal sentence, this matter is properly asserted under § 2241. It is also noted that there is no contention by Respondent that Petitioner has not exhausted his administrative remedies or that this action was untimely filed. This is also not a case where there is a claim that the time Patillo spent incarcerated was not credited towards service of either his state or federal sentences. *See Graham v. Zickefoose*, 2013 WL 1786332 *5(D. N.J. April 25, 2013).

As noted above, Petitioner asserts that New Jersey retained primary jurisdiction over him because that is where he was first arrested, charged, and sentenced. However, Petitioner fails to consider that with respect to his initial arrest on state charges, he was granted release on bond on September 21, 2005. Once Patillo was granted bond, New Jersey relinquished primary jurisdiction over him. *See Chambers v. Holland,* 920 F. Supp 618, 622 (M. D. Pa. 1996)(McClure, J.)(release on bail constitutes a relinquishment of primary custody).

Petitioner was taken into federal custody by the DEA and he remained in federal custody, with exception of various times when he was removed by New Jersey pursuant to a writ *ad prosequendum.* However, *ad prosequendum* writs

-4-

generally do not constitute a transfer in custody.  *See Wright v. Kruger,* No. 3:13-2185*,* 2015 WL 5227843 *6  (M. D. Pa. Sept. 8, 2015) (Mannion, J.).  A prisoner is only entitled to credit against his sentence for a period of time spent in detention pursuant to a writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner."  *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000).  Moreover, unlike *Rios*, this was not a case where the period of post-sentencing detention pursuant to a writ of habeas corpus *ad prosequendum* was prolonged to the extent that primary custody was relinquished, as Patillo was returned to federal custody three days after his state sentencing.

Based upon a review of the record, there is no indication that the federal government relinquished primary custody at any time over Patillo.  Under the standards discussed in *Chambers*, *Wright,* and *Rios*, Petitioner was still in the primary custody of federal authorities when he was sentenced on August 14, 2008 by the District of New Jersey.  As such, Petitioner's argument that the State of New Jersey had primary custody lacks merit.

I also note that a federal sentence generally does not commence until the Attorney General of the United States receives a defendant into custody for service of his sentence.  *United States v. Punitory*, 910 F.2d 1084, 1118-19 (3d Cir. 1990).

Title 18 U.S.C. § 3585(a) provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Here, the record clearly shows that Petitioner was in primary federal custody at the time of his federal sentencing. Accordingly, the BOP acted properly in determining that service of Petitioner's federal sentence commenced on August 14, 2008, the date he was sentenced in the District of New Jersey. *See* Title 18 U.S.C. § 3585(a).

As previously noted, the federal judge who sentenced Patillo expressly stated that his federal sentence should run consecutively to any other sentence presently being served or previously imposed. Clearly, then, there is no support for a determination that a concurrent federal sentence was somehow imposed. *See* Title 18 U.S.C. § 3584(a) (multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently); *United States v. Randolph*, 80 Fed. Apex. 190, 195-96 (3d Cir. Oct. 20, 2003) (if the federal sentencing court does not address the issue of concurrence, federal and state terms of imprisonment imposed at different times must be served consecutively).

Finally, the designation of a state institution for service of a federal sentence must be "consistent with the intent of the federal sentencing court, or consistent with the goals of the criminal justice system." *Sheika v. BOP*, 2007 WL 576346 *3 (D.N.J. Feb. 20, 2007). Since the District of New Jersey did not impose a concurrent sentence, there are no grounds here for federal habeas corpus relief.

## III. CONCLUSION

In sum, Petitioner is not entitled to federal habeas corpus relief because a writ *ad prosequendum* was not a relinquishment of custody to the State of New Jersey. Second, the fact that Petitioner was initially sentenced on his state charges also did not constituted a relinquishment of primary custody by the federal government. Furthermore, there is no evidence upon which to conclude that Petitioner's federal sentence should run concurrently with his state sentence. On the contrary, undisputed evidence submitted by Respondent clearly show that both the state and federal courts imposed consecutive sentences. Accordingly, the petition for writ of habeas corpus will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge